IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BITUMINOUS CASUALTY CORP.,** | : | CIVIL ACTION NO. 1:07-CV-2287 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN W. GLEIM, JR., INC.** and **CROSSGATES, INC.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is an insurance declaratory judgment action filed by plaintiff Bituminous Casualty Corp. ("Bituminous"). Bituminous seeks a declaration that it owes no duty to defend or indemnify defendant John W. Gleim, Jr., Inc. ("Gleim") in an arbitration proceeding instituted by defendant Crossgates, Inc. ("Crossgates").

Presently before the court is Crossgates' motion to dismiss the claims asserted against it by Bituminous. Crossgates argues that the court lacks subject matter jurisdiction over Bituminous' claims because no case or controversy exists between the two entities. For the reasons that follow, the motion will be denied.

**I.   Factual Background**

Crossgates and Gleim entered into a construction contract, which Gleim allegedly breached. Accordingly, Crossgates instituted an arbitration proceeding seeking damages from Gleim. (Doc. 1 at 2, 3.) Gleim is insured via four commercial general liability insurance policies issued by Bituminous. (Id. at 1.) Believing that the underlying arbitration dispute fell outside of the scope of Gleim's insurance

policies, Bituminous filed the instant action seeking a declaration that it owed no duty to defend or indemnify Gleim in the underlying arbitration. (Id. at 4.)

On January 28, 2008, Crossgates filed the instant motion to dismiss, arguing that this court lacks subject matter jurisdiction over Bituminous' claims against it. Specifically, Crossgates argues that Bituminous has failed to assert any claims or allegations against it or to allege the existence of any legal relationship between the two companies. (Doc. 7 at 2.) The motion has been fully briefed and is ripe for disposition.

## II.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).

Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Id.; Carpet Group, 227 F.3d at 69. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the

pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Tolan, 176 F.R.D. at 510; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Id.; Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000). Because the instant 12(b)(1) motion presents a facial attack on this court's subject matter jurisdiction, the former standard will be used.

### III. Discussion

The question presented by the instant motion is whether an actual case or controversy exists between Crossgates and Bituminous as required by Section 2 of Article III of the United States Constitution and by the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The existence of a case or controversy is a prerequisite in all federal actions, including declaratory judgments. See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 94 (1950). The Declaratory Judgment Act dictates that "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). In Aetna Life Insurance Company v. Haworth, 300 U.S. 227 (1937), the United States Supreme Court articulated a test for determining whether a case or controversy exists:

3

> A "controversy" . . . must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference of dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching upon the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Id. at 240-41 (citations omitted); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764, 777-78 (2007) (citing and reaffirming the validity of the test articulated in Aetna).

Applying this test to the instant case, the court finds that Bituminous has established that there is a case or controversy present between it and Crossgates. The United States Supreme Court and the United States Court of Appeals for the Third Circuit have held that a case or controversy may exist between an insurance company and the injured party in a declaratory judgment action brought by the insurance company against the insured party. See Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) (stating that an insurance company could include the injured party in a declaratory judgment action in order to bind the injured party to the decision of the federal court); Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir. 1986) (holding that a declaratory judgment action gave rise to a case or controversy not only between an insurance company and the insured, but between an insurance company and a party injured by the insured). In the action *sub judice*, Crossgates alleges that it was injured by Gleim who is insured by Bituminous. (See

Doc. 1.)  As the insurance company, Bituminous may properly include Crossgates as a co-defendant with Gleim in the declaratory judgment action.[1]

**IV.    Conclusion**[2]

For the foregoing reasons, Crossgates' motion to dismiss will be denied.  An appropriate order will issue.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

Dated:       July 1, 2008

---

[1] The court notes that several courts, including the Third Circuit, have held that an injured party is a necessary and indispensable party in a declaratory judgment action.  See Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986); Nationwide Mut. Ins. Co. v. Bellmore Merrick Cent. High Sch. Dist., No. 3:04-CV-1884, 2005 WL 1385204, at *2 (M.D. Pa. June 10, 2005) (stating that the absent injured party *must* be joined in the declaratory judgment action pursuant to Federal Rule of Civil Procedure 19(a)(2)(I)); see also State Farm Fire & Cas. Co. v. Kessler, No. 93-CV-0100, 1993 WL 147195 (E.D. Pa. May 4, 1993) (same).  In Rauscher, the Third Circuit held that an injured party was a necessary party in a declaratory judgment action.  In contrast, in Liberty Mutual Insurance Company v. Treesdale, 419 F.3d 216 (3d Cir. 2005), the Third Circuit was faced with the same factual scenario as Rauscher but reached the opposite conclusion.  The Treesdale court held that an injured party was not a necessary party in a declaratory judgment action.  The Treesdale opinion neither cites to Rauscher nor provides any indication of its intent to overrule Rauscher.  Moreover, both Rauscher and Treesdale are factually distinguishable from the instant action.  In Rauscher and Treesdale, the injured parties sought intervention as of right.  Here, Crossgates seeks dismissal from the instant action.  The court takes no position on the apparent split of authority within the circuit regarding whether the injured party is an indispensable party.  Nor does the court make a finding regarding the effect of the factual distinctions between the instant case and Rauscher and Treesdale.  The court notes only that the inclusion of an injured party in an insurance declaratory judgment action is permissible and possibly compulsory.

[2] The court also notes that Crossgates' brief in support of the motion to dismiss asks the court to decline to exercise jurisdiction over the claims brought against Crossgates due to Bituminous' delay in commencing the action until the eve of the underlying arbitration. (See Doc. 10 at 10.)  The court will deny this request.  In light of the common practice of reservation of rights (see Doc. 1 at 2), there is no obvious prejudice attributable to Bituminous' delay in filing.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BITUMINOUS CASUALTY CORP.**, | : | **CIVIL ACTION NO. 1:07-CV-2287** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN W. GLEIM, JR., INC.** and **CROSSGATES, INC.**, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 1st day of July, 2008, upon consideration of the motion to dismiss (Doc. 7), filed by defendant Crossgates, Inc., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 8) is DENIED.

2. Defendant Crossgates, Inc. shall file a brief in opposition to the motion for summary judgment (Doc. 17), filed by plaintiff Bituminous Casualty Corp., within fifteen days of the date of this order or shall be deemed not to oppose such motion. (See Doc. 21.)

                                                      S/ Christopher C. Conner
                                                     CHRISTOPHER C. CONNER
                                                     United States District Judge